



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 17, 1939

Honorable L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-151

Re: Have county trustees authority
to detach territory from
district after election has
been called involving consoli-
dation or grouping of district
with another.

Your request for an opinion, dated January 16, 1939,
on this question has been held in abeyance pending further study
of a decision by the Court of Civil Appeals at Galveston.

Your request is as follows:

"Your ruling on the following question will be
appreciated:

"On December 10, 1938, the Camp Springs C. S.
of Scurry County voted to consolidate with the Hobbs
Independent School District of Fisher County, Texas.
The vote was favoring the consolidation. The Commis-
sioners Court of Scurry County, however, failed to
canvass the returns of the election at its next regular
session of the court. On January 7, 1939, the County
Board of Scurry County met in called session, and de-
tached approximately twelve sections of land from the
Camp Springs District and added same to two other
common school districts. Did the County Board of
Scurry County have the authority to detach said terri-
tory after the election for consolidation had been held,
and before the new district had been declared by the
Commissioners' Court?"

In reply thereto, this is to advise that we have investigated this case from the facts given to us as disclosed by the communications and other written matter in our file in connection with this request, and we are of the opinion that the Supreme Court of Texas has definitely answered the question in the case of State v. Baker, 40 S. W. (2d) 41, wherein the court stated:

"It is our opinion that, even if it be conceded that the orders of the county board with reference to the territory of district No. 16 would have been in all respects legal in the absence of the pending election, still the right of the people to vote on incorporation, having been first lawfully invoked, would not be interfered with or defeated by the county board pending the holding of the election, and the declaration of its result. This is certainly the correct rule, even if it be conceded that the power of the county board and the right of the people were co-ordinate or equal."

This case is identically in point, and we, therefore, hold that the county board of school trustees was without authority to detach any part of the territory pending the election called.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Geo. S. Berry
Assistant

GSB:N

APPROVED

ATTORNEY GENERAL OF TEXAS